**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 22-CIV-61034**
**BROWARD DIVISION**

MERTA MAE SINCLAIR,

          Plaintiff,

vs.

WAL-MART STORES EAST, LP,

        Defendant.             /

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Wal-Mart Stores East, LP ("Walmart"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and Rule 81(c), Federal Rules of Civil Procedure, files this Notice of Removal removing to this Court the action filed in the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida, Case No. CACE-22-006245 Division 25, with full reservation of rights, exceptions and defenses, and in support thereof states:

### I.  Factual Background

1.  On or about April 28, 2022, Plaintiff commenced this action by filing a Complaint for Damages ("Complaint") against Walmart in the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida. *See* Complaint attached hereto as **Exhibit "A."**

2.  The Complaint was served on Walmart on or about May 2, 2022. *See* Return of Service attached hereto as **Exhibit "B."**

3.  In her Complaint, Plaintiff purports to allege a claim sounding in negligence against Walmart as a result of injuries she allegedly sustained on or about May 28, 2021, while in the Walmart store located at 1885 North Pine Island Road, Plantation, Broward County, Florida.

4.      The Complaint alleges that Plaintiff was on the premises of the Walmart store when "a dirty, slippery substance … on the floor" caused Plaintiff "to slip and fall and seriously injure herself." *See* Complaint, at ¶6.

5.      Plaintiff alleges that Walmart breached its duty to Plaintiff by negligently maintaining its premises, in that it, among other things, purportedly "failed to maintain … common areas in a safe and proper condition"; "was negligent in creating or permitting the aforementioned dangerous and hazardous condition to remain upon the premises"; "failed to warn the Plaintiff … of the aforementioned condition and the risk involved … ." *See* Complaint, at ¶9, 10, and 11. Plaintiff further alleges that, as a result of Walmart's alleged negligence, Plaintiff "was severely injured." *See* Complaint, at ¶12. Further, Plaintiff alleges that "as a direct and proximate result" of Walmart's alleged negligence, Plaintiff "was injured in and about her body and extremities, suffered pain therefrom, suffered physical handicap, lost wages, loss of ability to earn money in the past and in the future, aggravation of a previously existing condition and suffered the inability to lead a normal life; all of which are present and continuing in nature." *See* Complaint, at ¶13.

6.      Plaintiff alleges that at all times material she was a resident of Broward County, Florida. *See* Complaint, at ¶2.

7.      Defendant, Wal-Mart Stores East, LP, is a foreign limited partnership and maintains its principal place of business in Bentonville, Arkansas. *See* Florida Department of State, Division of Corporations, Detail by Entity Name attached hereto as **Exhibit "C."**

8.      In her Complaint, Plaintiff asserts that her damages exceed $30,000.00. *See* Complaint, at ¶1.

9.      However, based on her pre-suit Demand Letter, sent to Walmart on or about December 7, 2021, Plaintiff claimed medical bills of $126,036.19 as a result of the alleged incident,

far in excess of the $75,000 jurisdictional threshold of this Court. *See* Demand Letter attached here as **Exhibit "D."** Plaintiff also alleges that she "incurred medical expenses in the treatment of injuries and will continue to incur said expenses in the future." *See* Complaint, at ¶14.

10.     The threshold requirements for this Court's jurisdiction have thus been met and the matter is removable based on diversity of citizenship of the parties. The matter is removable based on diversity of citizenship because Plaintiff and Walmart are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest, attorney's fees, and costs.

11.     All other state court documents are attached as **Composite Exhibit "E."**

12.     Walmart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II.     Removal is Timely

13.     In accordance with 28 U.S.C. § 1446(b)(1), Walmart is filing its Notice of Removal on June 1, 2022, within thirty (30) days of the date that it received or was served a copy of Plaintiff's Complaint. Plaintiff's Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. The thirty-day period under Section 1446(b)(1) commenced on May 2, 2022, when Plaintiff served her Complaint on Walmart.

14.     Venue is proper in this Court because the state court where Plaintiff filed her Complaint, the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida, is located within this Court's jurisdiction.

## III.     There is Complete Diversity Between the Parties

15.     In accordance with 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between— (1) citizens of different States…." This action satisfies the complete diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1).

### a. Citizenship of Walmart

16.     For purposes of 28 U.S.C. §§ 1332 and 1441, a limited partnership is deemed to be a citizen of the State(s) of all of its members. *See Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990). Defendant Wal-Mart Stores East, LP is a limited partnership organized under the laws of Delaware, with its principal place of business in Arkansas. WSE Management, LLC, is the general partner and WSE Investment, LLC, is the limited partner of Wal-Mart Stores East, LP. Both WSE Management, LLC, and WSE Investment, LLC, are Delaware limited-liability companies with their principal places of business each located in Arkansas. Wal-Mart Stores East, LLC, is the sole member of both WSE Management, LLC, and WSE Investment, LLC. Wal-Mart Stores East, LLC, is an Arkansas limited-liability company, with its principal place of business in Arkansas. Walmart Inc. is the sole member of Wal-Mart Stores East, LLC. Walmart Inc. is a Delaware corporation, with its principal place of business in Arkansas. Walmart Inc. is a publicly traded company on the New York Stock Exchange and traded under the symbol WMT. No publicly traded entity owns more than 10% of Walmart Inc.

### b. Citizenship of Plaintiff

17.     Plaintiff was at all times material a resident of Broward County, Florida. *See* Complaint, at ¶2. Although Plaintiff's Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is *prima facie* evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, No. 09-CV-60067, 2009 WL 1532129, at *3 (S.D. Fla. June 1, 2009). Complete diversity thus exists as between the parties, Plaintiff and Walmart.

## IV.     The Amount in Controversy Requirement Has Been Met

18.     Plaintiff's Complaint does not specify the amount of her damages; rather, she alleges that her damages exceed $30,000.00 (the threshold amount in controversy for Circuit Court

under Florida law). It is clear, however, from the nature of the damages alleged in her Complaint, her presuit demand, and medical bills that the Plaintiff's claimed damages exceed the $75,000.00 jurisdictional minimum for this Court. *See Katz*, 2009 WL 1532129 at *5 (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on the medical bills cited in plaintiff's pre-suit demand); *see also Mick v. De Vilbiss Air Power Co.*, 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010) (relying on pre-suit demand letter seeking $175,000.00 in damages as competent evidence of amount in controversy and denying Plaintiff's motion to remand).

19.     Where a complaint seeks indeterminate damages, "removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II*, 608 F.3d 744, 754 (11th Cir. 2010).[1] If satisfaction of the amount in controversy is "not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id*. at 754.

20.     "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the Plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz*, 2009 WL 1532129, at *4, citing *Lowery v. Alabama Power Co.*, 483 F. 3d 1184, 1213-1214 (11th Cir. 2007). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id*., citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000). "Therefore, pre-suit settlement

---

[1]     Although *Pretka* involved removal under the Class Action Fairness Act of 2005, the court interpreted and applied the general removal procedures of § 1446. *See id*. at 756 & n.11.

offers and demands may be considered in evaluating whether a case has been properly removed."
*Id*.

21.     Similarly, in *Stramiello v. Petsmart*, No. 8:10-cv-659-T-33TGW, 2010 WL
2136550 (M.D. Fla. May 26, 2010), the district court determined that the defendant successfully
met its burden of proving that the amount in controversy was in excess of $75,000.00 where the
plaintiff's medical bills alone totaled $108,351.92. Much like Plaintiff in the instant matter, the
plaintiff in *Stramiello* alleged that his injuries were permanent and that he suffered "bodily injury,
including a permanent injury to the body as a whole, pain and suffering of both a physical and
mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss
of capacity for the enjoyment of life, aggravation of an existing condition, expense of
hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn
money and loss of ability to lead and enjoy a normal life." *Id.* at *1. The court found that, at the
time of removal, defendant had received documentation from the plaintiff showing total medical
bills in the amount of $108,351.92, and thus defendant had met its burden to establish the required
amount in controversy for federal subject matter jurisdiction. *See id*. at *4.

22.     Likewise, in *Wilson v. Target Corp.*, 10-80451-CIV-MARRA, 2010 WL 3632794,
at *4 (S.D. Fla. Sept. 14, 2010), plaintiff's detailed pre-suit demand letter revealed she had
sustained over $100,000.00 in past medical expenses and would suffer an additional one million
dollars in future medical expenses due to an alleged accident. The court found that the detailed
pre-suit letter delineated the extent of plaintiff's injuries, the physicians who treated her, and the
medical care she received from each of those physicians. Because of this detail, the court found
that "the pre-suit demand can be considered reliable evidence that Wilson's damages will exceed
$75,000." *Id*. at *4.

23.     Here, Plaintiff's pre-suit demand establishes that her claimed medical expenses were $126,036.19 as of December 2021. This amount exceeds the $75,000.00 jurisdictional threshold of this Court, even without considering any alleged future medical expenses subsequently incurred by Plaintiff. Where the jurisdictional amount in controversy has been met with medical bills, further discussion of any future injuries or damages is not necessary. *Stramiello,* 2010 WL 2136550 at n.2.

24.     Even so, Plaintiff nonetheless alleges that "as a direct and proximate result" of Walmart's alleged negligence, Plaintiff "was injured in and about her body and extremities, suffered pain therefrom, suffered physical handicap, lost wages, loss of ability to earn money in the past and in the future, aggravation of a previously existing condition and suffered the inability to lead a normal life; all of which are present and continuing in nature." *See* Complaint, at ¶13. Thus, Plaintiff expressly contemplates future damages in addition to those presently claimed.

25.     As a result, the amount in controversy in this matter exceeds the jurisdictional minimum, and removal is thus proper.

## V.     Conclusion

26.     Walmart has timely filed this Notice of Removal and meets the jurisdictional requirements for removal. Removal of Plaintiff's underlying state court action is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Upon filing of this Notice of Removal, Walmart will promptly give written notice of the same to Plaintiff, through his attorney of record, and the Clerk of the Circuit Court.

WHEREFORE, Defendant, Wal-Mart Stores East, LP respectfully requests this Notice of Removal be accepted as adequate under federal law, and that Plaintiff's state court action, Case No. CACE-22-006245 Division 25, on the docket of the Circuit Court of the 17th Judicial Circuit, in and for Broward, Florida, be removed from that court to the United States District Court for the

Southern District of Florida, Broward Division, and that this Court assume full and complete jurisdiction over the case, issuing all necessary orders along with any other relief that the Court deems just and proper.

Respectfully submitted,

By:  /s/ Clayton D. Hackney
      Clayton D. Hackney
      Florida Bar No. 26163
      Rebecca W. de la Zerda
      Florida Bar No. 1031620
      FASI & DIBELLO, P.A.
      150 S.E. 2nd Avenue, Suite 1010
      Miami, Florida 33131
      Telephone: (305) 537-0469
      Facsimile: (305) 503-7405
      hackney@fasidibellolaw.com
      delazerda@fasidibellolaw.com
      blakewindhorst@fasidibellolaw.com
      pleadings@fasidibellolaw.com
      *Attorneys for Defendant, Wal-Mart Stores East, LP*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished this 1st day of June 2022, via e-mail to: William C. Ruggiero, Esq. (ruggiero@wcrlaw.com), Law Office of William C. Ruggiero, *Attorney for Plaintiff*, Museum Plaza, Suite 703, 200 South Andrews Avenue, Fort Lauderdale, Florida, 33301.

By:  /s/ Clayton D. Hackney

JS 44 (Rev. 06/17) FLSD Revised 06/01/2017)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS** Merta Mae Sinclair

**DEFENDANTS** Wal-Mart Stores East, LP

**(b)** County of Residence of First Listed Plaintiff  Broward
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
William C. Ruggiero, Esq., Law Offices of William C. Ruggiero, 200 S. Andrews Avenue, Ste 703, Ft. Lauderdale, FL 33301 (954) 462-2300

Attorneys *(If Known)*
Clayton D. Hackney, Esq., Fasi & DiBello, PA
150 SE 2nd Ave., Ste 1010, Miami, FL 33131 Tel: (305) 537-0469

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☑ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☑ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' / Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | Liability / ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / Injury Product Liability | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | Product Liability / ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☑ 360 Other Personal / Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury / ☐ 385 Property Damage | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - Med. Malpractice / Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / **Other:** | | | Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - / ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | Employment / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding  ☑ 2 Removed from State Court  ☐ 3 Re-filed (See VI below)  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district *(specify)*  ☐ 6 Multidistrict Litigation Transfer  ☐ 7 Appeal to District Judge from Magistrate Judgment  ☐ 8 Multidistrict Litigation – Direct File  ☐ 9 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)
*(See instructions):* a) Re-filed Case ☐YES ☐NO    b) Related Cases ☐YES ☐NO
JUDGE:                                    DOCKET NUMBER:

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
Removal pursuant to 28 U.S.C. Sections 1332, 1441 and 1446 and FRCP 81(c)
LENGTH OF TRIAL via 4 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23    DEMAND $ 30,000.00    CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
DATE  June 1, 2022
SIGNATURE OF ATTORNEY OF RECORD
/s/Clayton D. Hackney

**FOR OFFICE USE ONLY**
RECEIPT #          AMOUNT          IFP          JUDGE          MAG JUDGE